UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ABRAHAM KLEINMAN, individually and on                             :
behalf of all others similarly situated,                          :
                                                                  :  **MEMORANDUM DECISION**
                                           Plaintiff,             :  **AND ORDER**
                                                                  :
                   - against -                                    :  19-cv-6597 (BMC)
                                                                  :
FRONTLINE ASSET STRATEGIES, LLC *et al.*,                         :
                                                                  :
                                           Defendants.            :
                                                                  :
----------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this Fair Debt Collection Practices Act ("FDCPA") action alleging that a debt collection letter sent by defendants was misleading and unclear to the least sophisticated consumer. Because the letter was neither misleading nor unclear under the FDCPA, defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff incurred a credit card debt. He fell behind on his payments and eventually went into default. Upon plaintiff's default, the original creditor "charged off" the extant $12,939.96 debt, meaning that the creditor accepted that the default would be permanent and thus considered the debt a loss on its balance sheet. The original creditor then transferred the debt to defendant LVNV, who used defendant Frontline to attempt to collect on it.

Frontline thereafter sent plaintiff the debt collection letter at issue in this case. The first page of the letter contains a table displaying the information associated with the debt. Of note, the table shows that the "Total Due as of Charge-off" is $12,939.96 and that the "Total Due" is $12,771.57. However, the table also says that the "Total Paid on Debt Since Charge-Off" is

$0.00. Thus, although there is a difference of $168.39 between the total due as of charge-off and the total due, there is no explanation for that difference reflected in the debt collection letter. The "Total Due" figure is the bottom-most entry in the table and is set off from the rest of the table as a single box at the lower-right-hand corner; the "Total Due as of Charge-off" figure is one of five entries in the middle row of the table:

| FAST # | Current Creditor | Original Creditor | Merchant | Original Creditor # |
|---|---|---|---|---|
| ▇1▇ | LVNV Funding, LLC | Citibank N.A. | Citi Simplicity Card | ▇▇▇ |
| Last Pay Date: | Total Due as of Charge-off: | Total Interest Accrued Since Charge-off: | Total non-interest Charges or Fee Accrued Since Charge-off: | Total Paid on Debt Since Charge-off: |
| 11/15/2017 | $12939.96 | $0.00 | $0.00 | $0.00 |
| | | | | Total Due |
| | | | | $12771.57 |

Plaintiff does not concede that he owes any money to defendants, although he also doesn't allege that defendants mistakenly charged him or improperly sought to collect on the debt. Plaintiff only claims that the debt collection letter is misleading pursuant to 15 U.S.C. § 1692e(10) and does not "clearly communicate the amount of the debt allegedly owed by Plaintiff" pursuant to 15 U.S.C. § 1692g.

**DISCUSSION**

Upon a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint states a legally cognizable claim by making allegations that, assuming they are true, would show that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "The FDCPA is a strict liability statute," Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017), with a principal objective of "eliminat[ing] abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e). "In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the

'least sophisticated consumer.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). The least sophisticated consumer is presumed not to have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). However, he is "neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). Accordingly, in applying this standard, a court must "protect[] consumers against deceptive debt collection practices" and yet not indulge "claims . . . based on bizarre or idiosyncratic interpretations of collection notices." See Jacobson, 516 F.3d at 90 (internal quotation marks and citations omitted).

Under 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). And under 15 U.S.C. § 1692g, a debt collector must provide the consumer "a written notice containing . . . the amount of the debt." As plaintiff points out, these two provisions should be read "in harmony" with each other, as the issue in this case is the same under both § 1692e and § 1692g. See Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 215 (2d Cir. 2018). The only question that the Court need answer, then, is whether the letter is ambiguous or materially misleading because it fails to conclusively state the amount of the debt that a least sophisticated consumer would be able to understand. "[T]he determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law" for the court to decide. Berger v. Suburban Credit Corp., No. 04-cv-4006, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) (citing Schweizer v. Trans Union Corp., 136 F.3d 233, 237-38 (2d Cir. 1998); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993)).

3

It may be that the dunning letter at issue in this case presents the lowest passing example of a sufficient debt collection notice, but I think it does at least that. There is no question that certain information is not offered in the letter – namely, an explanation for why plaintiff owes $168.39 less than he did at charge-off. But given the format of the table, the wording of the table's column headings, the express instructions in the body of the letter, and the lack of certain additional variables that could possibly confuse a reader, not even the least sophisticated consumer would be misled into thinking that he owes an amount other than $12,771.57.

As an initial matter, courts in this Circuit and across the country agree that a debt collector is not obligated to provide an exhaustive, line-item history of the current amount owed on a debt. See Miles v. Retrieval-Masters Creditor's Bureau, Inc., No. 14-cv-6607, 2016 WL 1258481, at *3 (E.D.N.Y. Mar. 29, 2016); see also Hahn v. Triumph P'ships LLC, 557 F.3d 755, 756-57 (7th Cir. 2009); Wilson v. Trott Law, P.C., 118 F. Supp. 3d 953, 963 (E.D. Mich. 2015); Moran v. Greene & Cooper Attorneys LLP, 43 F. Supp. 3d 907, 914-15 (S.D. Ind. 2014); Scioli v. Goldman & Warshaw P.C., 651 F. Supp. 2d 273, 281 n.15 (D.N.J. 2009). Therefore, the mere absence of information that would have explained the gap between the "charge-off" amount and "total due" amount cannot, by itself, state a claim.

But the essence of plaintiff's complaint is that "[t]he Letter is materially misleading because it includes two different sums on its face, a charge-off amount and a total amount due, and fails to explain the difference" between what those sums mean. Essentially, plaintiff contends that the least sophisticated consumer wouldn't know whether he owed $12,939.96 ("Total Due as of Charge-off") or $12,771.57 ("Total Due") because that difference is not expressly explained. Under other circumstances, I might agree with plaintiff; however, various

aspects of this specific letter, put together, render the intended, actual total amount due unambiguous.

First, as opposed to many of the objectionable debt collection letters that have come before me, the instant letter presents its financial information in an easy-to-read table, rather than as a list of seemingly unprioritized line items. Crucially, the table is formatted so that the data inputs are all in the same row in the middle of the chart and the ultimate, calculated output ("Total Due") is listed individually in the last row of the table. Indeed, the "Total Due" box is uniquely positioned to imply finality and singular importance: it's in the bottom-most row, set to the very rightmost column, and appears as the only entry in its row. That box, alone, is set off from the others. Moreover, the fact that it is at the bottom line of the table – as in the colloquial "bottom line" of a financial statement – is not a detail salient to only the average, everyday consumer. Restaurant and convenience store receipts, car mechanic's bills, and most everything else in between all generally display their final amounts due at the bottom of the page, chart, or receipt. It is a facet of commercial life that even the least sophisticated consumer could not easily overlook. See Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) ("[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." (citing Clomon, 988 F.2d at 1318-19)).

Second, there is a qualitative difference between the headings "Total Due as of Charge-Off" and "Total Due." Whereas the former is qualified and references a past event, the latter is a plain and resolute statement of an amount presently due. To be sure, "an unsophisticated consumer is not a gifted linguist who closely parses a debt collection letter." Koehn v. Delta Outsource Grp., Inc., No. 18 Civ. 1084, 2018 WL 6590617, at *3 (E.D. Wis. Dec. 14, 2018),

aff'd, 939 F.3d 863 (7th Cir. 2019). But a collection notice is "not deceptive simply because certain essential information is conveyed implicitly rather than explicitly." DeLeon v. Action Collection Agency of Boston, No. 17-cv-8899, 2018 WL 2089343, at *2 (S.D.N.Y. May 3, 2018) (quoting Clomon, 988 F.2d at 1319)). Here, taken in conjunction with the respective boxes' locations and surrounding information, the differences between the headings "Total Due" and "Total Due as of Charge-off" create the strong implication that the "Total Due" box is the actual amount plaintiff owes.

Finally, the first line of text in the body of the letter states: "Your account has been placed with our office for collection. You owe $12771.57." This both stands alone as a clear statement of the final amount owed and as confirmation of what the chart's contents and format strongly imply. Defendants were seeking $12,771.57 – that is plain. There is nothing ambiguous about this statement, nor any language surrounding it that could dilute its message. Furthermore, it appears just inches below the "Total Due" box in the table, reinforcing that figure's accuracy and primacy.

Also important is what is *not* in this letter. There are three rows of information in the table, only two of which have numbers. This presents a simple financial statement for the reader to comprehend. And unlike other letters, ours reflects that $0.00 in interest and $0.00 in non-interest charges have accrued in the more than 16 months since plaintiff's last pay date. There are thus no other numerical variables in the letter that plaintiff would have to take into account when deciding which of the two relevant boxes states the final amount due. Additionally, this is the only letter that plaintiff has to interpret, whereas in other cases confusion arises or is compounded by multiple consecutive letters containing inconsistent or ambiguous directives

when viewed together. This case presents a closed universe of information with minimal data to account for.

Although one or even most of the foregoing aspects of the letter might not have sufficed, the relevant mix of details, in their totality, compel the conclusion that defendants' letter does not run afoul of the FDCPA. See McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002) ("[A] collection letter . . . should be read in its entirety."); DeLeon, 2018 WL 2089343, at *2 ("[T]hey must be analyzed as a whole.").

Opposing this conclusion, plaintiff leans heavily on a case from the District of Connecticut that appears to be substantially similar to this one yet comes out the other way. See Garcia v. Law Offices of Howard Lee Schiff P.C., No. 16-cv-791, 2017 WL 1230847 (D. Conn. Mar. 30, 2017). But the dunning letter in that case presents the data in list form, with neither the "Charge-Off Balance" line nor the "Current Balance" line set apart or prioritized in any distinguishable way. See Garcia v. Law Offices of Howard Lee Schiff, P.C., 401 F. Supp. 3d 241, 248 (D. Conn. 2019). In our case, both the table format as well as the conspicuous placement and isolation of the "Total Due" box weigh significantly in my determination that the letter couldn't mislead anyone.

Plaintiff also refers to a recent decision in this district, Shimonov v. Frontline Asset Strategies, LLC, No. 18-cv-6719, 2020 U.S. Dist. LEXIS 7839 (E.D.N.Y. Jan. 15, 2020), to reject defendants' suggestion that "the Letter is clear because it gives a direct statement of the debt in the body of the Letter." But I am not holding that the letter is unambiguous solely based on it containing such a statement (i.e., "You owe $12771.57."); rather, that is only one of several factors. Moreover, the defendant in Shimonov argued that the statement was sufficient to cure *all* of the infirmities and ambiguities in its communications with the plaintiff, including misstated

7

interest amounts, misstated non-interest charges, and inconsistent "total due" amounts across multiple dunning letters.  See id. at *13 ("Taking together the cocktail of the misstated interest, fees and inconsistently stated 'total due' amounts, I find it plausible that Frontline's Letter was materially misleading.").  But in the case at hand, the proposed ambiguity is isolated to one source in one letter.

## CONCLUSION

Defendants' [10] motion to dismiss is granted. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 12, 2020